# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LISBETH GONZALEZ CAMACHO<br><br>*Plaintiff*<br><br>v.<br><br>HEWLETT PACKARD, PAUL T. HARGEN, DAVID TRABAL, RICK GOODWIN<br><br>*Defendants* | CIVIL NO. 12-1607 (FAB) |

## MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**NOW COME** defendants Hewlett Packard Caribe, B.V., Paul T. Hargen and David Trabal (hereinafter Hewlett Packard, Hargen and Trabal, respectively), through the undersigned attorneys, and respectfully requests to the Honorable Court the partial dismissal of the Complaint:

### I. INTRODUCTION

On July 30, 2012, Plaintiff filed a Complaint against Hewlett Packard, Hargen, Trabal and Rick Goodwin (hereinafter Goodwin). **See Docket No. 1.** Plaintiff brings causes of actions under (1) the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; (2) Puerto Rico Law No. 100, 29 Laws P.R. Ann. § 146 *et seq.*; and, (3) Law No. 115, 29 Laws P.R. Ann. § 194 *et seq.*

Defendants Hargen and Trabal move for the dismissal of all claims against them in the Complaint, since (1) there is no personal liability under the ADEA; and (2) the

Court should not exercise its supplemental jurisdiction over Plaintiff's Law 100 and Law 115 claims against them. In addition, Hewlett Packard, Hargen and Trabal seek the dismissal of Plaintiff's claims: (3) for compensatory damages under the ADEA; (4) for jury trial under the ADEA; and, (5) for attorneys' fees under the ADEA. Finally, the appearing defendants move this court to refrain to from exercising its supplemental jurisdiction over the Law 100 and Law 115 claims.

## II. ARGUMENTS

**A. Dismissal of various of Plaintiff's claims is proper for failure to state a claim upon which relief could be granted:**

### 1. Legal Standard under Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss where the allegations in the complaint fail to state a claim upon which a relief can be granted. In order to survive a motion to dismiss, a complaint must allege "factual allegations sufficient to 'raise a right to relief above the speculative level'." Morales-Tañon v. P.R. Elec. Power Auth., 524 F. 3d 15, 18 (1st Cir. 2008), citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id., at p. 5 citing Bell Atl. Corp. v. Twombly. See also, Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)("[E]ven under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.' ") and Vega- Caraballo v. Abbot Laboratories Intl., 543 F.Supp.2d 120, 121-122 (D.P.R. 2008)("[I]n order to survive a

motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable.")

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in plaintiff's favor. <u>Vega-Caraballo</u>, <u>supra</u>, <u>citing Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir.1992); <u>Pérez-Cordero v. Wal-Mart P.R. Inc.</u>, 235 F. Supp.2d 95 (D.P.R. 2002.) However, while the standard for adjudicating motions to dismiss under Rule 12(b)(6) is very generous to the non-moving party, it does not follow that it is completely "toothless." <u>Zeus Projects Limited v. Pérez & Cia</u>, 187 F.R.D. 23, 26 (D.P.R. 1999.) The Supreme Court has recently clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. <u>citing Twombly</u>, 550 U.S. at 555. The Court further explained that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]'—'that the pleader is entitled to relief.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009)(quoting Fed.R.Civ.P. 8(a)(2)).

Summarizing the standard clarified in <u>Iqbal</u> and <u>Twombly</u>, this Honorable Court has explained that

> [w]hen passing on a motion to dismiss the court must follow two principles: (1) **legal conclusions masquerading as factual allegations are not entitled to the presumption of truth**; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to

determine if they plausibly give rise to an entitlement to relief.

First Med. Health Plan, Inc. v. Caremarkpcs Caribbean, Inc., 2010 U.S. Dist. LEXIS 5403, 2-3 (D.P.R. Jan. 25, 2010)(GAG) citing Iqbal 129 S. Ct. at 1950 and Twombly, 550 U.S. at 555-56.

### 2. All claims against Hargen and Trabal must be dismissed.

Under ADEA, a Plaintiff may only bring a cause of action against an "employer", not against an individual. No personal liability can attach to employees under the ADEA. See, e.g., Diaz v. Antilles Conversion & Export, Inc., 62 F. Supp. 2d 463, 465 (D.P.R. 1999) (citing Rodriguez v. Puerto Rico Marine Management, Inc., 975 F. Supp. 115, 120 (D.P.R. 1997)); Pagan-Maldonado v. Centennial Puerto Rico Communication Corp., 2009 U.S. Dist. LEXIS 114215, 2009 WL 4782369 (D.P.R. 2009); Rodriguez Fernandez v. First Medical, 2010 U.S. Dist. LEXIS 131046 (D.P.R. 2010); Garcia v. Board of Trustees, 2010 U.S. Dist. LEXIS 131575 (D.P.R. 2010); Velez Cabrera v. Autos del Caribe, 2010 U.S. Dist. LEXIS 45137 (D.P.R. 2010).

In the Complaint Plaintiff alleges that she was the victim of discrimination in her employment because of her age. She also claims that defendants retaliated against her. To the extent that it is considered that the Complaint is construed as having included claims against the individual defendants under the ADEA, it must be dismissed for failing to state a claim.

An examination of the Complaint shows that Plaintiff's causes of actions under Law 100 (see Third Cause of Action ¶6.1-6.3) and Law 115 (see Fifth Cause of Action ¶8.1-8.6) were made against Hewlett Packard, Hargen, Trabal and Goodwin. However,

Plaintiff's causes of actions under the ADEA were made only against Hewlett Packard. See First, Second, Fourth and Sixth Causes of Action, ¶4.1-4.5, 5.1-5.3, 7.1-7.5 and 9.1-9.2, respectively. Thus, Plaintiff concedes that there is no individual liability under the ADEA, thus limiting her claims against the individual defendants to her state law claims under the Law 100 and Law 115.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right". See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Izquierdo Prieto v. Mercado Rosa, 894 F.2d 467, 473 (1st Cir. 1990). Having dismissed all federal claims against the individual defendants, it is respectfully submitted that this Honorable Court should not exercise supplemental jurisdiction to entertain Plaintiff's Law 100 and Law 115 claims against them and instead should dismiss these claims without prejudice. See 28 U.S.C. §1367(c)(3); Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit"); Rivera-Tirado v. Autoridad de Energia Electrica, 2009 U.S. Dist. LEXIS 77812 (D.P.R. 2009); Velez Cabrera v. Autos del Caribe, 2010 U.S. Dist. LEXIS 45137 (D.P.R. 2010).

In the instant case, Plaintiff cannot state a cause of action against the individual defendants under the ADEA. As such, there are no substantial federal claims against them in the lawsuit. Consequently the Court should not exercise its supplemental jurisdiction and should dismiss Plaintiff's state law claims without prejudice.

### 3. Under the ADEA, Plaintiff is not entitled to compensatory damages.

Plaintiff claims compensatory damages under the ADEA. It is well-established that the ADEA does not allow compensatory damages for pain and suffering. Marquez

v. Drugs Unlimited, Inc., 2010 U.S. Dist LEXIS 26794 (D.P.R. 2010); Vazquez v. E. Air Lines, Inc., 579 F.2d 107, 109 (1st Cir. 1978); see also Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 326, 115 S. Ct. 2159, 132 L. Ed. 2d 294 (1995) (noting unanimity among the circuits on this principle). Modeled after the Fair Labor Standards Act of 1938, the remedy provisions of the ADEA allow awards for "only those pecuniary benefits connected to the job relation," including unpaid wages or overtime compensation. Kolb v. Goldring, Inc., 694 F.2d 869, 872 (1st Cir. 1982) (internal quotation marks omitted); see also 29 U.S.C. § 626(b); McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 357, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995).

Based on the foregoing, Plaintiff's claim for compensatory damages under the ADEA must be dismissed.

**4. The Court should not exercise supplemental jurisdiction over Puerto Rico Law 100 since it requires a different burden of proof than an ADEA claim which in all probability will confuse the jury.**

The Courts may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right". See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Izquierdo Prieto v. Mercado Rosa, 894 F.2d 467, 473 (1st Cir. 1990). Consequently jurisdiction may be declined if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c). Additionally, the Courts should refuse to exercise supplemental jurisdiction when:

> …the likelihood of **jury confusion in treating divergent legal theories** of relief, that would justify separating state and federal claims for trial, Fed. Rule Civ. Proc. 42(b). If so, **jurisdiction should ordinarily be refused**. (Emphasis added.)

See Gibbs, 383 U.S. at 727. See also Izquierdo Prieto, 894 F.2d at 473.

Accordingly, courts have declined to exercise their discretionary jurisdiction over state law claims where those claims had a different burden of proof than federal question claims. See Ortiz Rivera v. Black & Decker, 1993 WL 52749, 1993 U.S. Dist. LEXIS 2088 (D.P.R. 1993); Linares v. University of Puerto Rico, 722 F.Supp. 910, 912 (D.P.R. 1989). Considering exactly the same conflict between the ADEA and Law 100, the Ortiz Rivera Court correctly concluded that:

> …there is a strong likelihood of jury confusion regarding the differing burdens. In addition to the strong likelihood of jury confusion, the Court believes that **the exercise of pendent jurisdiction would allow the plaintiff to rest on the better of two burdens and attempt to prove only the state claim and receive broader remedies than allowable under the federal law.** To avoid this inequity, the defendant has to assume the heavier burden from the beginning, to rebut the presumption of discrimination and under *Board of Regents v. Sweeny*, 439 U.S. 25 (1978), the employer may not be required to prove the absence of a discriminatory motive to defend an ADEA claim.
>
> Another factor the Court must consider in determining whether to exercise its discretion to hear a pendent non-federal claim is whether the state law issues predominate, in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedies sought. *Gibbs*, 383 U.S. at 752. In this case the state law issues definitely predominate. First, plaintiff alleges that in addition to discriminating against him on the basis of age, defendant also discriminated against him on the basis of his national origin as well. Plaintiff does not claim, and the Court does not believe, that he has a cause of action under the ADEA because he was discriminated about on the basis of his national origin; hence, plaintiff has redress for this part of his grievance only under the state statutes. More important, is the fact that in this case, Law 100 permits a plaintiff to recover damages including mental anguish and suffering, in those cases where they are duly established. *García Pagán v. Shiley Caribbean*, 88 J.T.S.

101, RE 86-206 Of.Tr. 17 (June 30, 1988). Recovery for such types of damages are not permitted under ADEA. *Haskell v. Kaman Corp.*, 743 F.2d 113, 120-21 n. 2 (2d Cir.1984); *Vázquez v. Eastern Airlines, Inc.*, 579 F.2d at 107, 112 (1st Cir.1978). In his Law 100 claim, plaintiff seeks damages for mental suffering and humiliation in the sum of $200,000.00. Because under the ADEA the plaintiff is only entitled to liquidated damages in an amount equal to the amount deemed to be unpaid minimum wages or unpaid overtime compensation and may not recover damages for pain and mental suffering, the state claim might easily become the predominant claim in the case given the extent of monetary damages sought. See *Linares*, 722 F.Supp. at 912. Furthermore, the presentation of evidence of pain and suffering would unduly influence the jury. (Footnotes omitted.)

See Ortiz Rivera, 1993 WL 52749, *2, 1993 U.S. Dist. LEXIS 2088, *5-8.

The strong likelihood of confusion recognized in Ortiz Rivera is more predominant today after Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009), which widened the gap between both burdens of proof. As explained in Gross, to prevail in an ADEA claim, an employee must prove by a preponderance of the evidence that age was the "but-for" cause of the adverse employment action. See Gross, 129 S.Ct. at 2351. In other words, an employee must prove that age was the only reason (not one of the reasons) for the adverse employment action. See Gross, 129 S.Ct. at 2350.[1]

Under Law 100 the burden of proof is completely different. The initial burden falls on the employee, who must establish a *prima facie* case of discrimination by demonstrating that he was actually or constructively discharged and alleging that the decision was discriminatory. See Hoyos v. Telecorp Communications, Inc., 488 F.3d 1,

---

[1] The Court expressly declined to apply the burden shifting framework commonly used in Title VII cases, holding that the ADEA's requirement that an employer took an adverse action "because of" age means that age was **the reason** for the employer's action. See Gross, 129 S.Ct. at 2349-2350.

7 (1st Cir. 2007). Once such a showing has been made, **the burden of persuasion shifts to the employer to defeat the presumption. The employer must prove by a preponderance of the evidence that the discharge was made for good cause**. See Hoyos, 488 F.3d at 7. If the employer carries its burden, the burden of persuasion shifts back to the employee to demonstrate that the discharge was motivated by discrimination. See Hoyos, 488 F.3d at 7.

In the captioned case Plaintiff requests $750,000.00 in damages under ADEA and Law 100 for mental anguishes. **See Docket No. 1, page 15, ¶ d.** However, emotional damages are not recoverable under the ADEA. See Vázquez v. Eastern Airlines, Inc., 579 F.2d 107, 109 (1st Cir.1978); Ortiz Rivera, 1993 WL 52749, *2, 1993 U.S. Dist. LEXIS 2088, *7. Additionally, if the Court does not refrain from exercising supplement jurisdiction, the jury will receive at trial two different (and contradictory) instructions on the law in order to analyze the same set of facts and determine whether Capitol discriminated against Plaintiffs because of their age. That will create an incurable wave of uncertainty and confusion among the members of the jury, whom are usually lay people without prior legal instruction. The burden of proof for Law 100 and the ADEA are so different that a jury, considering the same set of facts, could arrive at different and irreconcilable conclusions for each claim. Therefore, the Court should refrain from exercising its supplemental jurisdiction and consequently dismiss Plaintiff's Law 100 claims.

**WHEREFORE**, Defendants Hewlett Packard, Hargen and Trabal respectfully request from this Honorable Court to grant this motion, dismiss all claims against the individual defendants and partially dismiss the Complaint against the company.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** We hereby certify that on this date, the undersigned attorneys have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: **Juan R. Gonzalez Muñoz, Esq.**

In San Juan, Puerto Rico, this 28th day of September, 2012.

*S/ Fernando A. Baerga Ibañez*
**Fernando A. Baerga Ibañez, Esq.**
USDC PR No. 213311
Email: fbaerga@bqlawoffices.com

*S/ Carlos R. Ramírez*
**Carlos R. Ramírez, Esq.**
USDC PR No. 213201
Email: cramirez@bqlawoffices.com

**BAERGA & QUINTANA**
Counsel for Defendants
416 Ponce de Leon Ave.
Union Plaza, Suite 810
San Juan, Puerto Rico 00918
Tel.: (787) 753-7455
Fax: (787) 756-5796